OPINION
{¶ 1} Defendant-appellant Keith Allen Kelly appeals his conviction and sentence in the Stark County Court of Common Pleas on one count of aggravated burglary and one count of abduction.
 {¶ 2} Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND THE CASE {¶ 3} The victim in this case, Kristi Wallen, testified that on September 30, 2003, at approximately 6:00 p.m., she was attacked by an assailant as she began to walk toward her house after parking her car in her detached garage. (T. at 104-106, 128-130, 140). She estified that she was grabbed from behind and forced into her home at knifepoint. Id. The victim recognized her attacker as Keith Allen Kelly, someone she had met through a mutual friend approximately three or four months earlier. (T. at 110-112). Still holding the knife to her neck, the appellant demanded money. The victim struggled with the appellant. The appellant choked her until she lost consciousness. When she regained consciousness, she discovered that the appellant had dumped the contents of her purse on the kitchen floor. The victim again began to struggle with the appellant and managed to kick him in the groin and escape. While the struggle was occurring, the appellant ripped the victim's shirt, cut her neck with the knife and choked her. (T. at 107-109).
 {¶ 4} After kicking the appellant, the victim ran out of the house screaming for help. She ran to her neighbor Karla Parr's house. (T. at 109-110, 135). The victim located her neighbor in the garage, screamed "help me, help me" and led her neighbor back to her house. Upon arriving back at the victim's house, they saw the appellant come out the door and flee. (T. at 109-110, 116-117, 142-146, 151, 157-158). The neighbor also recognized the appellant, having met him through Ms. Wallen on two separate occasions. (T. at 143-145). She stated that she distinctly remembered his tattoo on his neck. (T. at 144). The neighbor placed a 911 call from the victim's house. (T. at 117, 153).
 {¶ 5} Officer Mitchell of the Massillon Police Department responded to the 911 call and spoke with both Ms. Wallen and Ms. Parr. (T. at 158-160). Both identified the assailant as Keith Allen Kelly. Id. Officer Mitchell also observed that the victim's living room was in disarray, a kitchen chair was knocked over, the victim's purse was dumped on the floor, a curtain was torn from the wall, the coffee table was knocked over and knickknacks were strewn on the floor. (T. at 160). He stated that he found the house to be otherwise clean and tidy. Id. He also observed an abrasion on the right side of the victim's neck and redness to her neck as well as her torn shirt. (T. at 121, 161-162, 166-167). Officer Mitchell took photographs of the victim's injuries and the crime scene, although some of the photos were taken after the victim had begun to straighten up her house. (T. at 121, 146, 163-165). The victim also informed the police that a credit card and money were missing from her purse. (T. at 109-115). The victim also provided the police with a written statement.
 {¶ 6} On November 6, 2003, Appellant was arrested.
 {¶ 7} The State charged appellant with one count of aggravated burglary, a felony of the first degree, pursuant to R.C. 2911.11(A)(1), one count of aggravated robbery, a felony of the first degree, pursuant to R.C. 2911.01(A)(1) and one count of abduction, a felony of the third degree, pursuant to R.C. 2905.02(A)(2).
 {¶ 8} On February 4, 2004, the jury trial in this matter commenced. At trial, the State presented Kristi Wallen, Karla Parr and Officer John Mitchell as witnesses. The defense presented Carl Kelly and Linda Kelly, appellant's father and sister.
 {¶ 9} On February 5, 2004, the jury found appellant guilty as charged of the offenses of aggravated burglary and abduction, but not guilty of aggravated robbery.
 {¶ 10} The trial court sentenced appellant to a ten (10) year prison term on the aggravated burglary count and a five (5) year prison term on the abduction count, with the sentences ordered to run consecutively, for a total fifteen (15) year prison term.
 {¶ 11} Appellant appeals his conviction and sentence, assigning the following as error:
 ASSIGNMENT OF ERROR {¶ 12} "I. Appellant's convictions are against the manifest weight of the evidence."
 I. {¶ 13} In the sole assignment of error, appellant maintains his conviction is against the manifest weight of the evidence. We disagree.
 {¶ 14} Appellant was charged with one count of aggravated burglary, a violation of R.C. 2911.11(A)(1), and one count of abduction, a violation of R.C. 2905.02(A)(2).
 {¶ 15} R.C. 2911.11(A)(1) states:
 {¶ 16} "(A) No person, by force, stealth, or deception, shall trespass in an occupied structure or in a separately secured or separately occupied portion of an occupied structure, when another person other than an accomplice of the offender is present, with purpose to commit in the structure or in the separately secured or separately occupied portion of the structure any criminal offense, if any of the following apply:
 {¶ 17} "(1) The offender inflicts, or attempts or threatens to inflict physical harm on another;
 {¶ 18}
Appellant was also charged with abduction. R.C. Section 2905.02(A)(2) defines abduction:
 {¶ 19} "(A) No person, without privilege to do so, shall knowingly do any of the following:
 {¶ 20} "(1) * * *
 {¶ 21} "(2) By force or threat, restrain the liberty of another person, under circumstances which create a risk of physical harm to the victim, or place the other person in fear;"
 {¶ 22} On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed.
 {¶ 23} The discretionary power to grant a new hearing should be exercised only in the exceptional case in which the evidence weighs heavily against the judgment. State v. Thompkins, 78 Ohio St.3d 380, 387,1997-Ohio-52, citing State v. Martin (1983), 20 Ohio App.3d 172. Because the trier of fact is in a better position to observe the witnesses' demeanor and weigh their credibility, the weight of the evidence and the credibility of the witnesses are primarily for the trier of fact. State v. DeHass (1967), 10 Ohio St.2d 230, syllabus 1.
 {¶ 24} At trial, three witnesses appeared on behalf of the State: the victim Kristi Wallen, the neighbor Karla Parr and the responding officer John Mitchell. Seven photographs were also admitted into evidence as exhibits.
 {¶ 25} Appellant did not testify but did attempt to establish an alibi though his father and his sister. Carl Kelly testified that his son was at his automotive repair shop at 5:45 p.m. on the day in question. (T. at 181). He further testified that he let appellant into his house which is located around the corner from the garage. (T. at 181-182). He stated that he again saw Appellant at 6:30 p.m. (T. at 183). Carl Kelly claims that it was not possible for his son to have committed these crimes in this time frame because it would have taken him about an hour to walk the approximate three and one-half miles between the victim's house and Mr. Kelly's house. (T. at 187, 202). He further testified that his son did not have access to a vehicle. (T. at 188, 202).
 {¶ 26} Linda Kelly testified that she saw her brother at 5:35 p.m. sitting in front of her uncle's house on Erie Street in Massillon. (T. at 208-209). She also testified that appellant did not have access to a motor vehicle. (T. at 211).
 {¶ 27} In the case sub judice, the jury was free to accept or reject any or all of the witnesses' testimony and assess the witnesses' credibility.
 {¶ 28} Upon review, the evidence was sufficient to sustain appellant's convictions and the jury did not lose its way and create a manifest miscarriage of justice.
 {¶ 29} Based upon the facts noted supra, we find there was sufficient, competent evidence to support appellant's conviction, and the same was not against the manifest weight of the evidence.
 {¶ 30} Appellant's sole assignment of error is overruled.
 {¶ 31} Appellant's conviction and sentence in the Stark County Court of Common Pleas is affirmed.
Boggins, P.J., Gwin, J. and Edwards, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, appellant's conviction and sentence in the Stark County Court of Common Pleas is affirmed. Costs assessed to appellant.